902 F.2d 27
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mildred A. BARRINGER, Plaintiff-Appellant,
v.
AT & T TECHNOLOGIES, INC., Defendant-Appellee.
 No. 89-2125.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1990.
Decided April 18, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (C/A No. 87-537-M)
 Mildred A. Barringer, appellant pro se.
 Randel Eugene Phillips, Margaret Ann Behringer, Moore & Van Allen, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mildred Barringer instituted this action pursuant to 42 U.S.C. Sec. 1981* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq. Barringer, who is black, claimed that she was handicapped but that she was not transferred to a position which she could perform, while white employees with similar disabilities were so accommodated. Further, she alleged that she was discriminated against because of race when she was terminated from employment. Following trial, the district court found that there had been no violation of Title VII.
 
 
 2
 Having carefully reviewed the record, we are convinced that the decision was not clearly erroneous. As the district court found, there was no convincing evidence presented at trial that white employees who were similarly situated were treated differently than Barringer. This is fatal to Barringer's attempt to prove that defendant's actions were motivated by her race. See Moore v. City of Charlotte, 754 F.2d 1100, 1104 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).
 
 
 3
 We dispense with oral argument because the facts and applicable law are adequately presented in the materials before the Court, and oral argument would not significantly aid the decisional process.
 
 AFFIRMED
 
 
 *
 After the case was tried, the Supreme Court decided Patterson v. McLean Credit Union, 57 U.S.L.W. 4705 (U.S. June 15, 1989) (No. 87-107). Patterson held that the right to make contracts protected by Sec. 1981 does not extend to conduct after formation of a contract. Hence, Sec. 1981 does not afford an aggrieved former employee a remedy for discriminatory discharge